1
2
3
4
5
6              UNITED STATES DISTRICT COURT
7                  EASTERN DISTRICT OF CALIFORNIA
8
9
10   RONALD NICHOLS,                 )      1:08-cv-01017-OWW-BAK-GSA HC
                                     )
11              Petitioner,          )      FINDINGS AND RECOMMENDATIONS
                                     )      RE: RESPONDENT'S MOTION TO DISMISS
12       v.                          )      (Doc. 12)
                                     )
13   JAMES HARTLEY, Warden,          )      ORDER REQUIRING OBJECTIONS TO BE
                                     )      FILED WITHIN FIFTEEN DAYS
14              Respondent.          )
                                     )
15   _____)

16
17        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19        The instant petition challenging the August 15, 2006 decision of the Board of Parole

20   Hearings ("BPH") to deny Petitioner parole was filed on July 10, 2008.  (Doc. 1).  On December 12,

21   2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that two of

22   Petitioner's claims were not fully exhausted in state court and that the third claim did not state a

23   federal claim for habeas relief.  (Doc. 12).  On December 22, 2008, Petitioner filed an opposition to

24   the motion to dismiss.  (Doc. 13).  On December 30, 2008, Respondent filed a reply to Petitioner's

25   opposition.  (Doc. 14).

                          **DISCUSSION**
26
     A.  Procedural Grounds for Motion to Dismiss
27
          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
28
     petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

                                    1

1  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

2  2254 Cases.

3        The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if

4  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

5  state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

6  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874

7  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

8  state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

9  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court

10  should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

11        In this case, Respondent's Motion to Dismiss is based on Respondent's contention that

12  Petitioner has not exhausted two of his claims in the California Supreme Court and that the

13  remaining third claim fails to state a federal habeas claim.  Accordingly, the Court will review

14  Respondent's Motion to Dismiss pursuant to its authority under Rule 4. <u>O'Bremski</u>, 915 F.2d at 420.

15        B.  Exhaustion.

16        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

17  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

18  exhaustion doctrine is based on comity to the state court and gives the state court the initial

19  opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

20  U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158,

21  1163 (9th Cir. 1988).

22        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

23  full and fair opportunity to consider each claim before presenting it to the federal court.  <u>Duncan v.</u>

24  <u>Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88

25  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

26  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

27  claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504

28  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir 2000) (italics added).

Respondent has lodged documents with the Court that establish that Petitioner filed a habeas petition in the Superior Court for the County of San Diego, alleging that the BPH's decision improperly deprived him of work credits because it failed to set his release date. (Doc. 12, Ex. 1). After this petition was denied (id.), Petitioner filed a petition in the California Court of Appeal raising the same claim. (Id., Ex. 2). Following denial of this petition, Petitioner filed a third petition,  in the California Supreme Court, alleging the denial of work credits, but also contending that the BPH's decision was not based on "some" evidence and that it rendered his sentence disproportional to his individual culpability. (Doc. 12, Ex. 3). When this petition was denied,

3

Petitioner filed the instant petition alleging the following grounds for relief: (1) denial of work credits; (2) lack of "some" evidence; and (3) BPH's decision rendered Petitioner's sentence disproportionate.  (Doc. 1, pp. 6-8).

In the motion to dismiss, Respondent, relying on Casey v. Moore, 386 F.3d 896, 916-918 (9th Cir. 2004), and Castille v. Peoples, 489 U.S. 346, 349-351, contends that claims two and three are unexhausted because, although Petitioner presented them to the California Supreme Court in his final habeas petition, he failed to also present those claims to the lower appellate court.  (Doc. 12, pp. 3-4).   The Court disagrees that grounds two and three are unexhausted.

In Castille, the United States Supreme Court considered whether a claim brought in a petition for allocatur before the Pennsylvania Supreme Court could satisfy the requirement of fair presentation because of the discretionary nature of allocatur review in Pennsylvania.  The Court held that the fair presentation requirement has not been met "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor."  Castille, 489 U.S. at 351.

The Supreme Court returned to the fair presentation issue in Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004), where it observed that:

> To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Relying on Castille and Baldwin, the Ninth Circuit addressed the case of a Washington state inmate who had raised his habeas claims for the first time in a discretionary petition for review to the Washington Supreme Court, holding that the claims thus presented were unexhausted:

> The allocatur petition in Castille is analogous to the discretionary review Casey sought from the Washington State Supreme Court.  Review of the writ in Pennsylvania "is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor."  Pa. R. App. P. 1114.  Similarly, the Washington State Supreme Court will grant a petition for appeal not as a matter of right, but within its own discretion.  See Wash. R. App. P. 13.1(a).  There is no principled or logical distinction that we can see that would set Casey's case apart from the precedent of Castille.

Casey, 386 F. 3d at 917.

Here, by contrast, Petitioner did not raise his claims for the first time before the California Supreme Court in a proceeding for discretionary review.  Instead, he raised claims two and three in a

4

1   petition for writ of habeas corpus.  As Respondent's own motion points out, all California courts,

2   including the California Supreme Court, have original jurisdiction to hear petitions for writs of

3   habeas corpus.  Cal. Const., art. VI, § 10.  (Doc. 12, p. 4).  Moreover, even a summary postcard

4   denial of a habeas petition by the California Supreme Court, such as the one issued by the California

5   Supreme Court in Petitioner's collateral review proceedings (Doc. 1, Ex. H), is a decision on the

6   merits.  E.g., LaRue v. McCarthy, 833 F.2d 140, 143 (9th Cir. 1987).

7        The Casey/Castille rule makes good sense when applied to claims raised only for the first

8   time before a court vested with discretionary powers of review since that court may decline to

9   exercise its power of discretionary review without either addressing a petitioner's claims on the

10  merits or denying them as procedurally barred.  Under such circumstances, it is reasonable to

11  conclude that such claims have not been "fairly presented" for exhaustion purposes.

12       But where, as here, the claims were presented to a court that did not have such discretion, and

13  where, as here, that court actually ruled on the merits of the claims, it makes little sense to extend

14  Casey's holding to hold that such claims were never "fairly presented" to the state high court.

15  Moreover, Respondent has not cited, and the Court has not found, any controlling precedent, or even

16  any persuasive authority, that extends Casey or Castille to facts, such as those in this case, where the

17  petitioner presented his claims in post-conviction proceedings that were not classified by state law as

18  "discretionary." [1]

19       Finally, Respondent ends his argument with a point that undermines his position.  After

20  observing that the California Supreme Court has original jurisdiction to hear petitions for writs of

21  habeas corpus, Respondent notes, "Thus, Nichols can still file a habeas petition in the California

22  Supreme Court and raise his unexhausted claims."  (Doc. 12, p. 4).  Respondent does not explain

23  why Petitioner's presentation of those two claims in a new petition before the California Supreme

24

25

26  [1]In seeking to extend Casey to the facts in this case, Respondent's motion presumably relies on the Ninth Circuit's dicta in Casey that cites Liebman & Hartz, Federal Habeas Corpus Practice and Procedure, 23.3 (4th ed. 1998): "Generally,

27  a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the *entire direct appellate process* of the state, or (2) throughout one entire judicial postconviction process available in the state."  Casey, 386 F.3d at

28  916 (emphasis in original).  However, as mentioned, this language is dicta and, absent either legal precedent or a sound legal justification, the Court declines to extend Casey to these facts.

1 Court should serve to exhaust the claims when, according to Respondent, they were not exhausted

2 when presented to that same court in a prior petition for writ of habeas corpus.

3      Thus, the Court concludes that Petitioner's claims are exhausted and that Respondent's

4 motion to dismiss claims two and three for lack of exhaustion should be denied.

5      C.  Failure to State A Federal Claim.

6      Respondent next contends that claim one, i.e., Petitioner's claim for work credits, fails to

7 sound in federal law.  The Court agrees.

8      The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

9 Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

10 he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts

11 shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

12 custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to

13 the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has

14 held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that

15 custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a

16 petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim

17 in state court resulted in a decision that was contrary to, or involved an unreasonable application of,

18 clearly established Federal law, as determined by the Supreme Court of the United States; or resulted

19 in a decision that was based on an unreasonable determination of the facts in light of the evidence

20 presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

21      As Respondent correctly observes, Petitioner's claim one essentially contends that because

22 the BPH found Petitioner unsuitable for parole, BPH failed to properly apply the work credits

23 Petitioner had earned and set his release date according to the California Code of Regulations.  (Doc.

24 1, pp. 6B-6C).  Respondent further points out that the petition acknowledges that Petitioner actually

25 retained his earned work credits (Doc. 1, p. 6B), and thus the gravamen of the claim is that the BPH

26 was required to set a parole release date had it properly interpreted and applied California statutes

27 and regulations pertaining to earning credits.  (Doc. 1, pp. 6-6H).  As further support, Respondent

28 points out that the Court of Appeal analyzed Petitioner's state petition by interpreting California law

1   and regulations and denied the petition under controlling California precedent.  (Doc. 12, Ex. 2).

2          Petitioner's contention that his work credits claim is grounded in federal law is unpersuasive.

3   Petitioner does not allege a violation of the Constitution or federal law in claim one, nor does he

4   argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege

5   that the adjudication of his claims in state court "resulted in a decision that was contrary to, or

6   involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision

7   that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Petitioner's

8   claim one raises only issues of state law, and, generally, issues of state law are not cognizable on

9   federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that

10  'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497

11  U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J.,

12  concurring)("mere error of state law, one that does not rise to the level of a constitutional violation,

13  may not be corrected on federal habeas").   Moreover, "[c]onclusory allegations which are not

14  supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20,

15  29 (9th Cir.1994).   Indeed, federal courts are bound by state court rulings on questions of state law.

16  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

17   "[T]he availability of a claim under state law does not of itself establish that a claim was available

18  under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger

19  v. Adams, 489 U.S. 401, 409 (1989).

20         Accordingly, the Court will recommend granting Respondent's motion to dismiss as to claim

21  one.

22                                          **RECOMMENDATION**

23         Accordingly, the Court HEREBY RECOMMENDS that Respondent's Motion to Dismiss

24  (Doc. 12), be GRANTED in part and DENIED in part.  The motion to dismiss should be GRANTED

25  as to claim one, as failing to state a cognizable federal habeas claim, but DENIED as to claims two

26  and three, because those claims  are exhausted.

27         This Findings and Recommendation is submitted to the United States District Court Judge

28  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

1  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

2  fifteen  (15) days after being served with a copy, any party may file written objections with the Court

3  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

4  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

5  ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will

6  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

7  advised that failure to file objections within the specified time may waive the right to appeal the

8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10      IT IS SO ORDERED.

11  **Dated:    September 11, 2009**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

8