UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD NICHOLS,<br><br>            Petitioner,<br><br>     v.<br><br>JAMES HARTLEY, Warden,<br><br>            Respondent. | 1:08-cv-01017-OWW-BAK-GSA HC<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS OF SEPTEMBER 11, 2009 (Doc. 16)<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 12)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

   Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   The instant petition challenging the August 15, 2006 decision of the Board of Parole Hearings ("BPH") to deny Petitioner parole was filed on July 10, 2008. (Doc. 1). On December 12, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that two of Petitioner's claims were not fully exhausted in state court and that the third claim did not state a federal claim for habeas relief. (Doc. 12). On December 22, 2008, Petitioner filed an opposition to the motion to dismiss. (Doc. 13). On December 30, 2008, Respondent filed a reply to Petitioner's opposition. (Doc. 14). On September 11, 2009, the Court issued Findings and Recommendations to grant the motion to dismiss as to ground one for failure to state a federal claim, but to deny the motion to dismiss as to grounds two and three. (Doc. 16). The Court's original Findings and Recommendations construed Petitioner's petition for review in the California Supreme Court as a constructive habeas petition that would serve to exhaust Petitioner's claims. On September 18,

1

1  2009, Respondent filed objections to the Magistrate Judge's Findings and Recommendations. (Doc.
2  17). Respondent repeated his argument that grounds two and three were not exhausted because they
3  had first been raised by Petitioner in a petition for review before the California Supreme Court.
4  Respondent also appended to the objections various cases in support of his position. After reviewing
5  the objections, the Court agrees that grounds two and three are not exhausted. Accordingly, the
6  Court will withdraw the Findings and Recommendations of September 11, 2009, and issue these
7  Findings and Recommendations to grant Respondent's motion to dismiss the petition.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has not exhausted two of his claims in the California Supreme Court and that the remaining third claim fails to state a federal habeas claim. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

3

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent has lodged documents with the Court that establish that Petitioner filed a habeas petition in the Superior Court for the County of San Diego, alleging that the BPH's decision improperly deprived him of work credits because it failed to set his release date. (Doc. 12, Ex. 1). After this petition was denied (id.), Petitioner filed a petition in the California Court of Appeal raising the same claim. (Id., Ex. 2). Following denial of this petition, Petitioner filed a petition for review in the California Supreme Court, alleging the denial of work credits, but also contending that the BPH's decision was not based on "some" evidence and that it rendered his sentence disproportional to his individual culpability. (Doc. 12, Ex. 3). When this petition for review was denied, Petitioner filed the instant petition alleging the following grounds for relief: (1) denial of work credits; (2) lack of "some" evidence; and (3) BPH's decision rendered Petitioner's sentence disproportionate. (Doc. 1, pp. 6-8).

In the motion to dismiss, Respondent, relying on Casey v. Moore, 386 F.3d 896, 916-918 (9th Cir. 2004), and Castille v. Peoples, 489 U.S. 346, 349-351, contends that claims two and three are unexhausted because, although Petitioner presented them to the California Supreme Court in his petition for review, he failed to also present those claims to the lower appellate court. (Doc. 12, pp. 3-4). The Court agrees that grounds two and three are unexhausted.

In Castille, the United States Supreme Court considered whether a claim brought in a petition for allocatur before the Pennsylvania Supreme Court could satisfy the requirement of fair presentation because of the discretionary nature of allocatur review in Pennsylvania. The Court held that the fair presentation requirement has not been met "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." Castille, 489 U.S. at 351.

The Supreme Court returned to the fair presentation issue in Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004), where it observed that:

> To provide the State with the necessary "opportunity," the prisoner must "fairly present" his

4

claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Relying on Castille and Baldwin, the Ninth Circuit addressed the case of a Washington state inmate who had raised his habeas claims for the first time in a discretionary petition for review to the Washington Supreme Court, holding that the claims thus presented were unexhausted:

> The allocatur petition in Castille is analogous to the discretionary review Casey sought from the Washington State Supreme Court. Review of the writ in Pennsylvania "is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." Pa. R. App. P. 1114. Similarly, the Washington State Supreme Court will grant a petition for appeal not as a matter of right, but within its own discretion. See Wash. R. App. P. 13.1(a). There is no principled or logical distinction that we can see that would set Casey's case apart from the precedent of Castille.

Casey, 386 F. 3d at 917. Thus, as Respondent correctly observes, Casey stands for the proposition that if the filing in the state's highest court is one for discretionary review, the petition must have presented all of his federal claims at the lower levels of the state courts. Casey, 386 F.3d at 916-918.

Upon further consideration of Respondent's objections, the Court concludes that the instant case is indistinguishable from Casey. Petitioner clearly styled his filing in the California Supreme Court as a petition for review. (Doc. 12, Ex. 3). Since all California courts have original habeas jurisdiction, see Cal. Const., art. VI, § 10, Petitioner could have presented grounds two and three in a habeas corpus petition. However, he chose instead to file a petition for review. It is undisputed that, in California, a petition for review of a lower court decision is discretionary. See Cal. Rules of Court, Rule 8.500(b). Rule 8.500(b) enumerates the limited circumstances under which the California Supreme Court may choose to exercise its discretionary power of review:

> The Supreme Court may order review of a Court of Appeal decision:
>
> (1) When necessary to secure uniformity of decision or to settle an important question of law;
> (2) When the Court of Appeal lacked jurisdiction;
> (3) When the Court of Appeal decision lacked the concurrence of sufficient qualified justices; or
> (4) For the purpose of transferring the matter to the Court of Appeal for such proceedings as the Supreme Court may order.

Such "special" circumstances are closely analogous to the Pennsylvania allocatur petition in Castille and in the Washington Supreme Court petition for appeal in Casey. Accordingly, those cases are dispositive here. By choosing to file a discretionary petition for review rather than an original

5

habeas proceeding in the California Supreme Court, Petitioner failed to exhaust grounds two and three.  Accordingly, those claims should be dismissed.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

       C.  Failure to State A Federal Claim.

Respondent next contends that claim one, i.e., Petitioner's claim for work credits, fails to sound in federal law.  The Court agrees.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

As Respondent correctly observes, Petitioner's claim one essentially contends that because the BPH found Petitioner unsuitable for parole, BPH failed to properly apply the work credits Petitioner had earned and set his release date according to the California Code of Regulations.  (Doc. 1, pp. 6B-6C).  Respondent further points out that the petition acknowledges that Petitioner actually retained his earned work credits (Doc. 1, p. 6B), and thus the gravamen of the claim is that the BPH was required to set a parole release date had it properly interpreted and applied California statutes and regulations pertaining to earning credits.  (Doc. 1, pp. 6-6H).  As further support, Respondent points out that the Court of Appeal analyzed Petitioner's state petition by interpreting California law

and regulations and denied the petition under controlling California precedent.  (Doc. 12, Ex. 2).

Petitioner's contention that his work credits claim is grounded in federal law is unpersuasive.  Petitioner does not allege a violation of the Constitution or federal law in claim one, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Petitioner's claim one raises only issues of state law, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").   Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).   Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).   "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989).

Accordingly, Respondent's motion to dismiss as to claim one should also be granted for failure to state a federal habeas claim.

**ORDER**

In light of the foregoing, the Court HEREBY ORDERS that the Findings and Recommendations issued on September 11, 2009 (Doc. 16), are WITHDRAWN.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's Motion to Dismiss (Doc. 12), be GRANTED and the petition for writ of habeas corpus dismissed.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen  (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 23, 2009**            /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE